FILED
United States Court of Appeals
Tenth Circuit

January 5, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

HAZHAR A. SAYED,

     Plaintiff - Appellant,

v.

ROBERTA BROMAN; YVETTE
BROWN, F.C.F., Law Library, C/O,
Individual Capacity; SGT PATRICK, Mail
Room C/O F.C.F., individual capacity;
SGT TAFOYA, Mail Room C/O F.C.F.,
individual capacity,

     Defendants - Appellees.

No. 15-1157
(D.C. No. 1:13-CV-02961-CMA-MJW)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Hazhar A. Sayed, a Colorado prisoner proceeding pro se, appeals from the

district court's Fed. R. Civ. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 suit.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Sayed's original complaint had three claims, but he was only permitted to proceed with an Eighth Amendment claim against defendant Roberta Broman. Sayed filed an amended complaint alleging Broman had denied a May 2012 request to be "seen for on going dental issues and to have my teeth cleaned again," and he "still suffer[ed] from tooth problems which have caused me to suffer a great deal." R. at 112. Broman moved to dismiss under Rule 12(b)(6). In response, Sayed submitted an affidavit adding a few more details.

The magistrate judge considered the amended complaint to be deficient because its "vague generalities" did not adequately allege the objective component of an Eighth Amendment claim for denial of medical care. R. at 190. He further considered the affidavit, but determined it did not "provide enough facts to nudge [Sayed's] claim across the line from conceivable to plausible." *Id.* at 191. Thus, he recommended dismissal of the complaint. Because he thought Sayed might be able to muster sufficient facts to support a plausible claim, however, he also recommended Sayed be given the opportunity to file a second amended complaint. Sayed filed timely objections. The district judge conducted a de novo review and adopted the recommendation, dismissing the complaint but allowing Sayed to file a second amended complaint.

Sayed's second amended complaint consisted of a heading and four sentences substantially duplicating the affidavit he had previously filed. Broman again moved to dismiss under Rule 12(b)(6). Upon review the magistrate concluded Sayed had

2

failed to supply sufficient additional facts to support a plausible Eighth Amendment claim and recommended dismissal of the complaint. This time, he recommended dismissal with prejudice because Sayed's past attempts to amend had proven futile. Sayed filed timely objections. The district judge conducted a de novo review and adopted the recommendation, dismissing Sayed's claims with prejudice.

Sayed timely filed a motion to alter or amend the judgment claiming to have sufficiently stated a claim, and in the alternative, briefly requesting leave to file a third amended complaint. The district judge denied the motion.

### *Discussion*

Sayed argues his complaint was sufficient, but if it was not, he should have been allowed another opportunity to amend before dismissing the action with prejudice. We review only the order dismissing the second amended complaint.[1]

We review a Rule 12(b)(6) dismissal de novo. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). And a pro se litigant is entitled to a liberal construction of his pleadings. *See id.* at 94. Nevertheless, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), federal pleading "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Gee*, 627 F.3d at 1184 (quoting *Iqbal*, 556 U.S.

---

[1] Sayed's opening brief focuses on the merits of the dismissal with prejudice and does not adequately raise any issues arising from the denial of the post-judgment motion.

3

at 678). A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (brackets and internal quotation marks omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* (citation and internal quotation marks omitted).

"*Iqbal* establishes the importance of context to a plausibility determination." *Gee*, 627 F.3d at 1185. An Eighth Amendment medical-care claim has an objective prong—the deprivation was sufficiently serious—and a subjective prong—the official was deliberately indifferent. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

The district judge quite properly concluded the second amended complaint to have failed to include sufficient facts to establish a plausible Eighth Amendment claim. The allegations are conclusory, naked statements of the type held insufficient in *Iqbal*, 556 U.S. at 678. The allegations regarding the need for, and the denial of, treatment do not provide sufficient information to permit one to conclude the deprivation may have been sufficiently serious, and the allegations regarding Broman's knowledge are clearly insufficient information to meet the deliberately indifferent requirement for Eighth Amendment claims.

4

We see no error in dismissing the action with prejudice without allowing Sayed another try at adequate pleading. Of course, an action ought not be dismissed with prejudice unless "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee*, 627 F.3d at 1195 (internal quotation marks omitted). But Sayed was afforded an opportunity to amend, which proved futile because he did not add any new facts. Moreover, the magistrate explained how the affidavit was insufficient, *see id.* at 1186 ("[A] careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint."), but Sayed simply re-submitted substantially the same allegations. In addition, the post-judgment request to amend was cursory, failing to give the district judge reason enough to justify another opportunity to amend. We also note Sayed's failure to submit a formal motion to amend or a proposed third amended complaint, which would have aided the district court greatly in determining whether he could state a plausible claim. *See* D.C.COLO.LCivR 15.1(b) (requiring a party who files an opposed motion for leave to amend a pleading to attach a copy of the proposed amended pleading).

## *Conclusion*

Sayed's motion to proceed without prepayment of costs and fees is granted. But only prepayment of fees is excused, not the fees themselves. Sayed remains liable for the full amount of all appellate filing and docketing fees ($550) and he must continue making payments to the clerk of the district court until all fees have been paid in full. The judgment of the district court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge